KEDZIOR, Appellant, et al.,

v.

CDC DEVELOPMENT CORPORATION et al., Appellees.

[Cite as *Kedzior v. CDC Dev. Corp.* (1997), 123 Ohio App.3d 301.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 72081.

Decided Nov. 17, 1997.

*Bernard, Haffey & Bohnert* and *Edward G. Bohnert,* for appellant.

*Dana A. Rose,* for appellee CDC Development Corporation.

*Per Curiam.*

This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the records from the court of common pleas, and the briefs and oral arguments of counsel.

The issue in this appeal is whether a claim for specific performance on a real estate purchase is exempt from a contractual arbitration provision under R.C. 2711.01(B)(1). Plaintiff John D. Kedzior brought this action seeking to force defendants CDC Development Corp. ("CDC") and defendants-homeowners Daniel and Camile Klonowski to hand over title to a newly constructed house. The parties disputed whether plaintiff properly tendered a $50,000 payment upon completion of the house.

The purchase agreement required plaintiff to execute a series of interest-free promissory notes in which he agreed to pay on demand $10,000 at the start of excavation, $10,000 when the house was "under roof," and $50,000 upon closing the sale of plaintiff's current house. When CDC demanded the final $50,000 payment, plaintiff could not comply because he had not sold his current house. Plaintiff asked CDC to continue the promissory note. CDC demanded cash payment and asked plaintiff to reaffirm his intention to purchase the house. Plaintiff countered by claiming that he stood ready to complete the purchase of the house by extending the promissory note. CDC subsequently sold the house to the Klonowskis, and returned plaintiff's funds on deposit.

In response to plaintiff's action, CDC filed a counterclaim for slander of title. CDC asked the court to refer the matter to arbitration as provided in the

purchase agreement. The trial court granted the motion and stayed the matter pending arbitration.

We find that the trial court erred by referring the matter to arbitration. R.C. 2711.01(B)(1) states that "sections 2711.01 to 2711.16 of the Revised Code do not apply to controversies involving the title to or possession of real estate," with certain exceptions that do not apply here. By raising a claim for specific performance, plaintiff necessarily asked the court to award him title to and possession of the property.

Although there are no Ohio cases directly on point, in *Barnes v. McKellar* (1994), 434 Pa.Super. 597, 644 A.2d 770, the court considered an identical question under a very similar statute. A buyer of real estate sought specific performance after the seller allegedly breached a purchase agreement for property by failing to convey clear title. This action went to arbitration and resulted in a ruling adverse to the buyer. Neither party appealed and judgment was entered on the arbitration award. When a second action by the seller went forward, the seller argued that the judgment from the arbitration proceeding controlled the disposition of the second proceedings. The trial court refused to apply *res judicata.*

On appeal, the superior court affirmed, finding that the trial court properly refused to apply *res judicata* because the arbitrators had no jurisdiction to decide a claim for title to real property, stating that no matter shall be referred to compulsory arbitration "which involves title to real property." *Id.* at 603, 644 A.2d at 772.

The Pennsylvania statute is nearly identical to R.C. 2711.01(B)(1). We agree with *Barnes* and find that the trial court erred by referring plaintiff's specific performance claim to arbitration. We are aware that the initial question between the parties may be one of breach of the sales contract, but a final disposition of plaintiff's claims will ultimately involve a determination on the claim for specific performance; consequently, the matter should not have been referred to arbitration. Accordingly, we sustain the assignment of error and remand for further proceedings in the trial court.

*Judgment reversed*
*and cause remanded.*

BLACKMON, P.J., KARPINSKI and PATTON, JJ., concur.